UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. YATES, et al.,<br><br>Defendants. | Case No.: 1:13-cv-2005-MJS<br><br>ORDER DISMISSING, WITH LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 10<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On October 18, 2013, Johnny Lopez ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend.  (ECF No. 9.)  Plaintiff has since filed a First Amended Complaint (Am. Compl., ECF No. 10) which is now before the Court for screening.  No other parties have appeared in this action.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at R.J. Donovan Correctional Facility.  The events at issue in his Complaint occurred in Pleasant Valley State Prison ("PVSP").  Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by providing him with inadequate medical care.  Plaintiff names the following individuals as defendants: 1) James A. Yates, warden, 2) Inwumi Ola, medical doctor, and 3) unknown correctional officers.

More specifically, Plaintiff's alleges as follows:

Plaintiff has a number of medical problems, including dizziness and a history of falling due to dizziness.  Defendant Ola was aware of Plaintiff's medical history, including his problems with dizziness.  On March 14, 2012, Plaintiff asked Defendant Ola for a walker with a seat because he became dizzy after walking several steps.  Defendant Ola refused to fulfill Plaintiff's request and instead prescribed orthopedic shoes for Plaintiff.

Plaintiff asked for a walker again on March 27, 2012, but the request was again denied.

Plaintiff fell on April 13, 2012, injuring his head, nose, and right eye. Plaintiff was taken to a hospital by helicopter. Plaintiff's medical conditions worsened.

Plaintiff asks for $25,000 in punitive damages, $25,000 in compensatory damages, and $50,000 in exemplary damages.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Supervisory Liability and Linkage

Plaintiff alleges that Defendant Yates and "unknown correctional officers" should be held liable for the inadequate medical care he received. Plaintiff fails to link any of these parties to his allegations.

Under section 1983, Plaintiff must link the named Defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as an administrator, Defendant Yates may only be held liable if he "participated in or directed the

violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendant and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff attributes no action or inaction to Defendant Yates or the "unknown correctional officers".  Thus, it appears that Plaintiff has named Yates as a Defendant simply because of his overall supervisorial responsibilities as warden.  It also appears that Plaintiff legitimately named the "unknown correctional officers" as Defendants in the hope he could link them to claims at a later date.  However, Plaintiff has failed to state a cognizable claim against Defendant Yates or the "unknown correctional officers".

### C. Eighth Amendment – Inadequate Medical Care

Plaintiff alleges that Defendant Ola subjected him to inadequate medical care in violation of the Eighth Amendment by not providing him with a walker when Plaintiff requested one.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

It is unclear from Plaintiff's pleading whether he presented a serious medical condition to Defendant Ola. Certainly, if his dizziness caused him to fall with any significant frequency, it could be considered severe. However, without knowing how often he had symptoms of dizziness, how severe they were on the various occasions he had them, and what precipitated them, the Court is unable to find that he had a serious medical condition.

Plaintiff will be given **one final opportunity to amend** as to Defendant Ola (alone) to address the above deficiencies. If he chooses to amend, he should set out how often he had symptoms to the point he fell or how often he had to take precautions to keep from falling, what those precautions were, and, if he knows, what brought on his symptoms. In connection with the second prerequisite to a cognizable inadequate medical care claim, discussed below, Plaintiff also must set out in detail what he told Defendant Ola about his condition and when he told her relative to his fall and injury.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson, 290 F.3d at 1188).

Plaintiff fails to explain how Defendant Ola was deliberately indifferent to his medical condition. Plaintiff believes he should have been provided with a walker. Apparently, Defendant Ola did not agree.[1] However, the pleading provides no basis for concluding that Defendant deliberately chose to ignore a risk of harm to Plaintiff. It is just as likely Defendant Ola simply disagreed with him regarding the nature of his medical needs or perhaps

---

[1] The Amended Complaint does imply that Defendant Ola, oddly it seems, prescribed orthopedic shoes for dizziness. However, there are no facts pled that cause the Court to conclude the two events were related by Defendant at the time she made her treatment decisions..

negligently diagnosed his condition or was negligent in responding to it. "A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986)). Mere medical negligence is not sufficient to show medical indifference. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06 (1976). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff does state that Defendant's treatment decision reflected more than mere disagreement, but he identifies none of the facts upon which he relies in forming that opinion. He also has failed to provide details supporting his claim that a walker was necessary and that Defendant Ola's decision to provide other treatment was medically unacceptable and reflected deliberate indifference. In short, Plaintiff has not pled deliberate indifference. He will be given **one final chance** to amend his claim against Defendant Ola (only). If he chooses to do so, he must provide facts, not just suspicion, belief, or speculation, to support his claim Defendant Ola acted intentionally and in a medically unacceptable way.

## IV.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint, filed March 20, 2014, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 2, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE